YOUNG, C.J.
(concurring). Although the majority
opinion correctly recognizes that Potter v McLeary controls whether a medical malpractice claimant must serve a notice of intent (NOI) on a professional corporation (PC) before initiating a lawsuit,[1] I continue to adhere to my partial dissent in Potter.[2] Nevertheless, I join the majority opinion because it faithfully applies the rule established in Potter and because the jurisprudence of this state benefits from having a clear majority rule of law in this case.[3]

 See ante at 247, citing Potter v McLeary, 484 Mich 397, 402-403; 774 NW2d 1 (2009).

 Potter, 484 Mich at 431 (Young, J., concurring in part and dissenting in part).

 I note, additionally, that application of my partial dissent in Potter to the facts of this case would yield an identical result. MCL 600.2912b *266 requires a medical malpractice plaintiff to serve an NOI on every potential defendant “health facility” and “health professional” a specified number of days before filing its lawsuit. Because a PC is neither a “health facility” nor a “health professional,” it is not entitled to receive an NOI before being sued. Accordingly, under my partial dissent in Potter, defendant Cardiovascular Clinical Associates, EC. (CCA), would not be entitled to dismissal on this basis.
Nevertheless, under my partial dissent in Potter, CCA would be entitled to summary disposition on statute of limitations grounds. Pursuant to the nonparty fault statute, MCL 600.2957(2), a new claim “is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.” In this case, at the time of the filing of the original action, plaintiffs acknowledge that they were already outside the 6-month discovery period of limitations applicable in the instant case. Moreover, they cannot avail themselves of tolling from the date of the original NOI (which tolled the running of the period of limitations with regard to the originally named defendants) because NOI tolling “is expressly claim specific” in that the tolling statute, MCL 600.5856(c), “restates what is tolled (‘the statute’), which specifies that tolling is limited to only one statute . ...” Potter, 484 Mich at 444 (Young, J., concurring in part and dissenting in part).